# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UGI SUNBURY, LLC, | No. 3:16-CV-00784 |
| Plaintiff. | (Judge Brann) |
| v. | |
| A PERMANENT EASEMENT FOR 2.4645 ACRES, AND TEMPORARY CONSTRUCTION AND ACCESS EASEMENT FOR 4.009 ACRES LOCATED IN DERRY AND ANTHONY TOWNSHIPS, MONTOUR COUNTY, PENNSYLVANIA TAX PARCEL NO. 1-6-82, | |
| POWERVIEW FARMS, INC., | |
| THE TURBOTVILLE NATIONAL BANK, | |
| AND ALL UNKNOWN OWNERS, | |
| Defendants. | |

**MEMORANDUM OPINION**

**FEBRUARY 22, 2018**

The above-captioned matter is scheduled for a bench trial in this Court beginning Monday, March 5, 2018. The parties have filed various motions in liminie and have submitted briefing on those motions and other issues.

UGI's Motion in Limine to Exclude the
Testimony of Defendant's Expert Witness

UGI has moved to exclude the testimony of Defendant's expert witness pursuant to Federal Rule of Evidence 702, arguing that the expert's report is "riddled with errors of material fact" and is "not the product of reliable principles and methods." Specifically, UGI argues that Defendant's expert:

(1)  did not place a value on the easements actually condemned;
(2)  did not describe the size of the easements; and
(3)  did not provide a factual basis to support his "damaged goods" theory of land valuation.

Therefore, UGI argues, the expert's opinion is neither "reliable" nor a good "fit."

This Court will deny UGI's motion. Both the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit have expounded on Rule 702's "reliability" and "fit" requirements.[1] This Court, however, is granted wide discretion when deciding whether those requirements have been met.[2] Because the upcoming trial is a bench—not jury—trial, because there is a "strong preference for admission"[3] of expert testimony, and because this Court believes that "hearing the expert's testimony and assessing its flaws [is] an

---

[1] *See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 742-743 (3d Cir. 1994).

[2] *Kumho*, 526 U.S. at 152 ("a court of appeals is to apply an abuse-of-discretion standard when it reviews a trial court's decision to admit or exclude expert testimony").

[3] *Id.*

important part of assessing what conclusion [is] correct",[4] this Court will admit the testimony of Defendant's expert.[5] UGI may, of course, present its own expert and may also vigorously cross examine Defendant's expert. This Court, as finder of fact, will carefully consider the soundness of both experts' reasoning and their opinions' factual basis, and will attentively evaluate the experts' credibility.

<u>Defendant's Motion in Liminie to Exclude
the Testimony of UGI's Expert Witness</u>

Defendant has moved to exclude the testimony of UGI's expert witness, also pursuant to Rule 702, arguing that the expert's report is "not helpful in resolving the issue before the [C]ourt[,] because it does not meet the [legal] standards for determining just compensation." Specifically, Defendant argues that UGI's expert has failed to "properly address [the] value of the whole subject property before and after the taking"—instead, it only address the value of the land actually taken by the easement—and is therefore not a good "fit."

Defendant points to the UGI expert's conclusion "that the easement will not have an adverse effect on the remainder of the subject property"; this quote, however, belies Defendant's argument. UGI's expert did not fail to address the easement's effect on the value of the remainder of Defendant's land. Rather, it simply came to a conclusion that is presumably unpalatable to Defendant—*i.e.*,

---

[4] *In re Paoli*, 35 F.3d at 547.

[5] UGI also argued that Defendant's expert report should be excluded because it was submitted slightly outside the timeframe set by this Court. That argument is likewise rejected.

that there are no such severance damages.⁶  Therefore, Defendant's motion will be denied.  As noted above, however, Defendant may present contrary evidence on this issue, which this Court will consider in reaching its factual findings and legal conclusions.

## Defendant's Motion to Use Pennsylvania Law

Defendant has moved this Court to use Pennsylvania law when determining the amount of "just compensation" owed by UGI.

Judges in this District have previously concluded that federal—not state—law applies in condemnation actions brought pursuant to the Natural Gas Act.⁷  Other courts have come to the opposition conclusion.⁸  Recently, however, the Honorable A. Richard Caputo of this District has certified this question for interlocutory appeal to the Third Circuit.⁹  In light of this pending appeal, disposition of Defendant's motion will be stayed.  This Court has previously ordered the parties to present evidence at trial under both federal and state law "just compensation" standards, so trial can and will proceed as scheduled.

## Evidence of "Crop Loss"

In its pretrial memorandum, Defendant indicated an intention to present evidence of "crop loss" at trial.  UGI vigorously contested the admissibility of this

---

⁶ *See, e..g*, *Tennessee Gas Pipeline Company, L.L.C. v. Permanent Easement for 7.053 Acres*, 2017 WL 3727449 at *5 (M.D. Pa. August 30, 2017) (explaining the concept of severance damages).

evidence. This Court, therefore, subsequently ordered the parties to submit briefs on that issue.

As UGI has noted, Defendant did not plead the issue of crop loss—*i.e.*, did not allege that UGI physically took fully- or partially-grown crops from Defendant's field, crops that may have had some compensable value. Instead, it appears that Defendant is attempting to establish that there has been a missed opportunity to plant crops because of UGI's taking. Neither federal nor Pennsylvania law, however, allows for the recovery of such alleged lost profits.[10] Rather, under both federal and Pennsylvania law, "just compensation" for a partial taking is determined by calculating the difference between a property's pre-taking fair market value and its post-taking fair market value.[11]

As Defendant argues, however, evidence of "crop loss" may be relevant when determining the extent of such a diminution in value. Other courts have

---

[7] *See, e.g., Tennessee Gas Pipeline Company Co. v. Permanent Easement for 1.7320 Acres*, 2014 WL 690700 at *6-10 (M.D. Pa. February 24, 2014).

[8] *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192, 1195-99 (6th Cir. 1992).

[9] *Tennessee Gas Pipeline Company, L.L.C. v. Permanent Easement for 7.053 Acres*, 2017 WL 4954093 (M.D. Pa. November 1, 2017).

[10] *United States v. Perry Motor Co.*, 327 U.S. 372, 377-78 (1946);

[11] *United States v. 68.94 Acres of Land*, 918 F.2d 389, 393 n.3 (3d Cir. 1990); 26 Pa. C.S. § 702(a).

agreed with this approach.[12] I will therefore allow Defendant to submit evidence of alleged "crop loss," but will limit use of such evidence to determining the pre- or post-taking value of Defendant's land.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] *See, e.g., Deer Creek Drainage Basin Authority v. Pacoma, Inc.*, 487 A.2d 1033, 1035 (Pa. Commw. Ct. 1985) ("loss of business is a factor to be considered in determining the depreciation of the market value of a property").